The opinion of the Court was delivered by
Pocilé, J.
The object of the proceeding is to compel Carbajal, adjudicatee of a piece of property, to comply with the terms of his jmrchase.
' Alleging defects in the title of the vendor, he refuses to complete the sale.
The main defect alleged is levelled at the title acquired by Billgery, at the side under executory process in the suit entitled Rose Cammack vs. John Hays, and rests on the ground that Hays was not sole owner of the property when he mortgaged it in 1870, which property belonged to the community previously existing between Hays and his deceased wife, Margaret Allen, in consequence of which only one-half of the property was or could be affected with the mortgage granted by Hays, and only that portion was transferred by the sheriff’s sale in the suit in executory process.
This appeal is taken from the judgment of the District Court sustaining the adjudicatee’s' objections, and releasing him from the obligation of his hid.
From the record it appears that Hays was married in 1848, that he purchased this property in 1858, and that his wife died in 1868, and that, therefore, the property belonged to the community.
The act of mortgage under which the property was subsequently seized and sold, was executed by Hays in 1870, and his wife’s succession was opened in 1873, when, on proof that Mrs. Hays had left no issue, no ascendants, and no known relatives, a judgment was rendered recognizing Hayes as her sole heir. The adjudication to Billgery, under the executory process, was made in March, 1874.
Immediately after his purchase, Billgery instituted suit for the nullity of the adjudication to him, on substantially the same grounds as are now urged by Carbajal in this controversy, which suit resulted in a *388 judgment rendered by this Court, recognizing the validity of Hays’ title to the entire property, and binding Billgery to the terms of his purchase.
We consider that the status of the property was finally settled by that judgment, and protects all future purchasers against any claim which Hays, who was a party to the suit, might set up to tho property, on the alleged ground that the mortgage, which he granted in 1870, affected only one-half of tho property, and that he became owner of the other one-half only in 1873, under the judgment of the Probate Court. The latter judgment, predicated upon proof made of the non-existence of any heirs of the deceased wife, must stand until annulled or set aside in a direct action by heirs of the deceased wife, and is, in our opinion, a legal protection of the purchaser. Davis vs. Greer, 32 A. 425.
The argument that, bocause Hays did not comply with tho decree of the Probate Court, requiring him to give the bond prescribed by Art. 931 of the Civil Code, he was not legally put in possession, falls harmless in the face of the consideration that tho law does not contemplate the nullity of the decreo as a consequence of tho surviving husband’s failure to furnish the required bond, and is further met and overcome by the fact that the bond is intended by law, in order to secure tho restitution of the estate in case any heir should come forward within the space of three years after his having been put in possession, after which term the security shall remain discharged from his obligation, as it appears that more than five years had elapsed from the date of the judgment to the date of the institution of this suit.
Under the circumstances and the issues presented in this case, this bond would have served no useful purpose, and it does not lie in the mouth of a third party to invoke any consequence resulting from the failure of Hays to furnish the bond.
By the fact of his wife having no relatives who could claim her succession, Hays was at once invested with the quality of heir of her succession, and the mortgage granted by him in 1870 affected quoad that property all the rights which he had to it. By opening the succession of his wife in 1873, and by obtaining the decree recognizing him as heir of his wife, Hays obtained no greater substantial legal rights to the succession property than were vested in him by law at tho death of his wife, without legal heirs of the blood to represent her succession.
And even if he had by those proceedings acquired any rights not previously vested in him, such rights enured to tho benefit of his mortgagee. 1N. S. 547 ; 5 N. S. 247.
After a careful consideration of all the objections urged by defendant in rule to Billgery’s title to this property, and an attentive examination of all the authorities which he quotes, we find no serious ground in the *389 adjudicatee to fear any trouble or eviction under the title which is tendered him, and which lie-must, therefore, accept.
It is, therefore, ordered, that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that the rule herein taken on N. J. Carbajal be made absolute, and that lie be condemned to comply with the terms of his bid at the adjudication made of the proi>erty described in the rule, in default of which, said property is ordered to be sold at his risk according to law, and that he pay costs of this rule.